UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE L. FLORES,

                              Plaintiff,

                -against-

CITIBANK, N.A.,

                              Defendant.

1:24-CV-3665 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Valerie L. Flores, who is appearing *pro se*, originally filed this action in the United States District Court for the District of Columbia. By order dated April 17, 2024, that court transferred this action to this court. (ECF 3.) Plaintiff invokes both the court's federal question and diversity jurisdictions, and sues Citibank. N.A. ("Citibank"). She states that the federal constitutional or statutory basis for her claims is the following: "Violation of the Fair Credit Reporting Act, the company is committing financial fraud on me by making me pay 3X the normal minimum payment. [*sic*]" (ECF 1, at 3.)

By order dated May 14, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to amend her complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following in the statement of claim section of her complaint: "I have had a card with Citibank since 2013 [and] they recently increased my bill (minimum due) to over $225/month [and] I have had the card maxed out before and the minimum payment due was never more than $85/month [*sic*]." (ECF 1, at 4.)

Plaintiff seems to seek damages totaling $79,400, which appears to reflect "$75,000[] [and her] $4,400 balance." (*Id.*) Plaintiff alleges that she "had to close the card so that would reduce the payment back to $85/month. I feel it was a scam by Citibank. Closing the card is going to hurt my credit score for 7-10 years." (*Id.*)

## DISCUSSION

Plaintiff does not appear to allege facts sufficient for the Court to consider this action under its subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has subject matter jurisdiction only when a "federal question" is presented or, when asserting claims under state law under a federal district court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food &*

*Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (internal quotation marks omitted)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

## A.  Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the court's federal question jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, however, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff seems to be attempting to invoke the court's federal question jurisdiction by referring to the Fair Credit Reporting Act ("FCRA"). The FCRA, 15 U.S.C. § 1681 *et seq.*, governs the obligations of entities furnishing credit information to consumer reporting agencies. It imposes two duties on furnishers of information, which are codified at 15 U.S.C. §§ 1681s–2(a) and (b): Subsection (a) relates to the furnishers' duty to report accurate information to a consumer reporting agency and their ongoing duty to correct inaccurate information; subsection (b) governs the furnishers' duty once notice is received from a consumer reporting agency that

there is a dispute as to the completeness or accuracy of the information provided to that reporting agency.

Despite referring to that statute, however, Plaintiff alleges nothing to suggest that her claims fall under the FCRA. Rather, she seems to assert claims of fraud, which are usually brought under state law, not federal law. Thus, the Court understands that Plaintiff is not asserting claims under federal law (including claims under the FCRA), under the court's federal question jurisdiction, *see Nowak*, 81 F.3d at 1188-89, but instead, is asserting claims under state law, under the court's diversity jurisdiction.

## B.    Diversity jurisdiction

Inasmuch as Plaintiff is asserting claims under state law (including claims of fraud), under the court's diversity jurisdiction, she has not alleged facts sufficient to establish that jurisdiction. To do so, a plaintiff must first allege that she and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where the individual "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A national bank, such as Citibank, for diversity purposes, however, is considered to be a citizen of the "State designated in its articles of association as [the location of] its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *see* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all [diversity] actions by or against them, be deemed citizens of the States in which they are respectively located.").

There is a second component of diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff alleges that both she and Citibank are citizens of the State of New York. (ECF 1, at 3.) Her belief that Citibank is a citizen of the State of New York seems to arise from her experiences with a particular Citibank office located at 388 Greenwich Street, in New York, New York. (*See id.* at 2.) Normally, because Plaintiff alleges that both she and the defendant are citizens of the same State, the Court would not have diversity jurisdiction as to her claims under state law. *See Schacht*, 524 U.S. at 388. Because, however, it appears that Citibank is actually, for diversity purposes, a citizen of South Dakota, *see Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 1:22-CV-8842 (JLR), 2024 WL 398094, at *8 (S.D.N.Y. Feb. 2, 2024), *appeal pending*, No. 24-423 (2d Cir.); *Courchevel 1850 LLC v. Alam*, No. 17-CV-0785, 2019 WL 9656366, at *7 (E.D.N.Y. Oct. 30, 2019), *report & recommendation adopted*, 464 F. Supp. 3d 475 (E.D.N.Y. 2020); *Morton v. Citibank, N.A.*, No. 18-CV-9048 (JPO), 2019 WL 3066412, at *2 (S.D.N.Y. July 12, 2019); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 74 (W.D.N.Y. 2018), the parties seem to be diverse.

That being said, Plaintiff does not allege any facts that show that her claims under state law satisfy the jurisdictional amount for a diversity action – amount in excess of the sum or value of $75,000. *See* § 1332(a). The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which she alleges facts showing that the Court has subject matter jurisdiction to consider this action, under either the court's federal question jurisdiction or under its diversity jurisdiction.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to establish subject matter jurisdiction, under either the court's federal question jurisdiction or under its diversity jurisdiction, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**CONCLUSION**

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 30 days' leave to replead her claims in an amended complaint, as specified in this order. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    August 19, 2024
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                              Chief United States District Judge