UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE L. FLORES,

              Plaintiff,

     -against-

CITIBANK, N.A.,

              Defendant.

1:24-CV-3665 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated August 19, 2024, and entered on August 22, 2024, the Court dismissed this *pro se* action for lack of subject matter jurisdiction, but granted Plaintiff 30 days' leave to replead her claims in an amended complaint, as specified in that order. (ECF 8.) Because Plaintiff did not file an amended complaint with the time allowed, the Court entered a judgment, dated and entered on November 8, 2024, dismissing this action for lack of subject matter jurisdiction for the reasons stated in the Court's August 19, 2024 order. (ECF 9.) On December 6, 2024, Plaintiff filed a notice of appeal, a motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 10 & 11.)

      For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies her motion for leave to proceed IFP on appeal and her application to appeal IFP.

## DISCUSSION

**A.    Rule 4(a)(5) motion**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). The abovementioned judgment was entered on November 8, 2024. Plaintiff had 30 days from the date of entry of that judgment, or until December 9, 2024, to file a timely notice of appeal.[1] Plaintiff filed her notice of appeal on December 6, 2024, before the applicable 30-day period expired. Thus, her notice of appeal is timely. The Court therefore denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

**B.    IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its August 19, 2024 order, and in its November 8, 2024 judgment, the Court certified, under Section 1915(a)(3), that any appeal would not be taken in good faith (ECF 8 & 9), denying IFP for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's August 19, 2024 order and its November 8, 2024 judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 11), as

---

[1] Because the last day of that 30-day period actually fell on Sunday, December 8, 2024, the period was extended until the next court business day, Monday, December 9, 2024. *See* Fed. R. App. P. 26(a)(1)(C).

unnecessary because her notice of appeal (ECF 10) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and application to appeal IFP. (*Id.*)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 8, 2025
         New York, New York

                                                      /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                 Chief United States District Judge